# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BAYVIEW LOAN SERVICING, LLC,

        Plaintiff,

v.

CALVIN R. WHITE and all other occupants,

        Defendant.

1:17-cv-1896-WSD-LTW

## OPINION AND ORDER

This matter is before the Court on Defendant Calvin R. White's ("Defendant")[1] Notice of Removal [1].

**I.    BACKGROUND**

This is Defendant's second attempt to remove this dispossessory action to this Court. See Bayview Loan Servicing, LLC v. White, No. 1:16-CV-3643-WSD, 2017 WL 1405324 (N.D. Ga. Apr. 20, 2017) ("Case 3643").[2]

---

[1]     This case is brought against Calvin R. White and all other occupants. Calvin R. White, however, is the only party to have filed motions with the court and will therefore be referenced as a sole defendant.

[2]     The Court takes judicial notice of the facts and filings from Case 3643, which was remanded by this Court for lack of subject matter jurisdiction. See Saunders v. Lisch, No. 8:11-cv-1741-T-30AEP, 2011 WL 6813634, at *1 (M.D. Fla. Dec. 28, 2011) (district court may take judicial notice of the background facts that were contained in the court's prior remand order).

On September 7, 2016, Plaintiff Bayview Loan Servicing, LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant, in the Magistrate Court of Fulton County, Georgia (the "Fulton County Action").[3] The Complaint seeks possession of premises currently occupied by Defendant following a foreclosure sale of the Property. (See Case 3643 [1] at 6).

On September 28, 2016, Defendant, proceeding *pro se*, removed the Fulton County action to this Court by filing his Notice of Removal. (See Case 3643 [1]). Defendant asserted that there was federal subject matter jurisdiction because there was a question of federal law. Defendant claimed in his Notice of Removal of Civil Action that Plaintiff violated "various systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution" and "18 U.S.C. §§ 241 and 242." (Id. at 3). Defendant also asserted a counterclaim, under 42 U.S.C. § 1983, for an alleged violation of his constitutional rights. (Id. at 1).

On February 8, 2017, Plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction. (See Case 3643 [2]). Plaintiff argued that remand was proper because the Complaint filed in magistrate court asserted a state court dispossessory action and did not present a question of federal law. (See

---

[3]  No. 16ED007700.

Case 3642 [2.1] at 4). Defendant did not respond to Plaintiff's motion. On April 20, 2017, the Court issued an Order granting Plaintiff's Motion to Remand, and remanded the dispossessory action to Magistrate Court of Fulton County for lack of subject matter jurisdiction. (See Case 3642 [3]).

On May 24, 2017, Defendant, proceeding *pro se*, again removed the Fulton County Action to this Court by filing his second Notice of Removal [1] bringing forth nearly identical claims made in Case 3642. Defendant claims that Plaintiff violated "various systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution" and "18 U.S.C. §§ 241 and 242." ([1] at 3).

## II. DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted); see Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001) ("[T]he court must look only to the plaintiff's claim as a basis for federal jurisdiction."). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The Court finds that Plaintiff's Complaint does not present a federal question. Plaintiff's Complaint is a dispossessory action which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

The Court also lacks diversity jurisdiction over this action. Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, the record does not show the citizenship of the parties, and, even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action. "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 27th day of June, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE